```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
PASQUALE AGNONE, individually and on behalf
of all others similarly situated,

                        Plaintiff,
                                                        MEMORANDUM
                                                         AND ORDER
          -against-                                    24-CV-08202 (JMW)


 ZOI FOODS CORP.,
                        Defendant.
-----------------------------------------------X
```

**A P P E A R A N C E S:**

    Uri Horowitz
    **Horowitz Law, PLLC**
    14441 70th Road
    Flushing, New York, 11367
    (718) 705-8706
    *Attorney for Plaintiff*

    *No Appearance for Defendant*

**WICKS,** Magistrate Judge:

    Plaintiff Pasquale Agnone ("Plaintiff"), "a visually impaired and legally blind person," commenced the underlying action against Zoi Foods Corp ("Defendant"), a New York corporation that "provides to the public a website known as Wmartketnyc.com which provides consumers with access to an array of groceries . . . which Defendant offers in connection with their physical location." (ECF No. 1 at ¶¶ 1, 18.) Plaintiff asserts that Defendant violated: (i) the American with Disabilities Act (the "ADA"); (ii) New York State Human Rights Law, N.Y. Exec Law Article 14 ("Executive Law §292 *et seq*"); (iii) New York State Civil Rights Law Article 4 ("CLS Civ R §40 *et seq*."); and (iv) New York City Human Rights Law, N.Y.C. Administrative Code §8-102, *et seq*. (*See generally* ECF No. 1.)

Here, Plaintiff failed to timely serve Defendant with a summons and complaint within the 90-day period mandated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Specifically, Plaintiff filed the Complaint on November 26, 2024, so under Rule 4(m), service should have been completed upon Defendant on or before February 24, 2025. (*See* Electronic Order dated February 25, 2025.) However, service was not effectuated within the prescribed period. (*See id.*) Rather, Plaintiff served Defendant with a summons and complaint on March 20, 2025—late by 24 days. (*See* ECF No. 11.) Before the Court is Plaintiff's Motion for an Extension of Time to Serve Defendant pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 10.) For the following reasons, Plaintiff's Motion (ECF No. 10) is **GRANTED**.

## BACKGROUND

Plaintiff commenced the underlying action on November 26, 2024, seeking, *inter alia*, (i) "a preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq*," and requiring Defendant to "take all steps necessary to make its website, Wmarketnyc.com . . . [compliant] with the requirements set forth in the ADA . . . so that [the website] is readily accessible to and usably by blind individuals;" (ii) a declaration that Defendant maintains its website "in a manner which discriminates against the blinds," thereby failing to provide "access for person with disabilities," as required by the ADA; (iii) an order certifying this case as a class action; (iv) compensatory damages; and (v) "reasonable attorney's fees." (ECF No. 1 at ¶ 29.) Namely, Plaintiff contends that Defendant operates a website that denies blind individuals' equal access to its services, as their website contains numerous "access barriers" that "prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software." (*Id.* at ¶¶ 27-29.)

2

Plaintiff's case was assigned to the undersigned on November 26, 2024 and the Clerk of Court issued the First Summons for Defendant on the same day. (ECF No. 4.)  The address provided in the First Summons was "54-04 The Long Way, East Marion, NY 11939." (*Id*. at p. 1.)  On February 3, 2025, Plaintiff filed a proposed Second Summons (ECF No. 5) which was issued on February 4, 2025. (ECF No. 6.)  The address listed in the Second Summons was "253 West 72nd Street, Suite 211, New York, NY 10023." (*Id.* at p. 1.)  Following the expiration of the 90-day window for service, the undersigned directed Plaintiff to show cause on or before March 18, 2025, as to why the Complaint should not be dismissed without prejudice given Plaintiff's failure to timely serve the Defendant.[1] (Electronic Order dated February 25, 2025.)

On March 5, 2025, Plaintiff filed his response arguing that he made "diligent efforts to serve the Defendant at multiple locations" but such efforts were unsuccessful. (ECF No. 7 at p. 1.) Specifically, Plaintiff raised that his "service company was unable to deliver the Summons and Complaint to the address listed as Defendant's principal place of business" and Plaintiff's Counsel "searched PACER for other cases in which the Defendant was involved and reached out to the Defendant's counsel in those matters . . . .". (*Id*.) As such, the undersigned directed Plaintiff "to file, on or before March 18, 2025, a motion to extend time to serve Defendant pursuant to Federal Rule of Civil Procedure 4(m), and submit supporting documentation evidencing the prior efforts made to serve Defendant." (Electronic Order dated March 10, 2025.) On March 11, 2025, Plaintiff filed a Third Proposed Summons for the Defendant, listing a new address: "Zoi Foods Corp dba Westside Markey NYC 2589 Broadway, New York, NY 10025." (ECF No. 8 at p. 1.)  The Clerk of Court issued the Third Summons on March 12, 2025. (ECF No. 9.)

---

[1] The complaint was filed on November 26, 2024, (ECF No. 1) and "[n]inety days from that date [was] February 24, 2025." (Electronic Order dated February 25, 2025.)

On March 18, 2025, Plaintiff filed the current Motion for Extension of Time to File to Serve. (ECF No. 10.) Opposition to this motion was due by March 28, 2025, (*see* Electronic Order dated March 19, 2025) yet none was filed. Shortly thereafter, on March 20, 2025, Defendant was served after the Third Summons was returned executed.[2] (ECF No. 11.) Plaintiff's process server, Eric Rivera, completed an affirmation of service confirming that he served Defendant on March 20, 2025, at 7:32 AM at "2589 Broadway, New York, NY 10025". (*Id.*) Rivera alleged that he personally delivered and left these documents with an individual named "Efrain 'Doe.'"[3] (*Id.*) Indeed, Rivera affirmed that "the person so served [was] the AUTHORIZED PARTY/Managing Agent and stated (s)he was authorized to accept legal papers for the corporation." (*Id.*)

## DISCUSSION

Proper service upon an individual in a civil suit is largely determined by the Federal Rules of Civil Procedure.[4] *Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). Such service may be effectuated by "delivering a copy of the summons and of the complaint on the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode . . . ; or delivering a copy of each to an agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(e). If a plaintiff fails to serve a defendant within 90 days from when the complaint was filed,

---

[2] Although the Summons was returned executed, it does not alter the fact that it was untimely under the Fed. R. Civ. P. 4(m).

[3] The process server indicated on the affidavit of service that Efrain refused to provide a last name. (ECF No. 11 at p. 1.) The process server also provided identifying details of the individual. (*Id.*)

[4] Rule 4(e)(1) states that an individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, under New York's Civil Practice Law and Rules ("CPLR") § 308, personal service upon a natural person is virtually identical to the Federal Rules. *See Windward Bora LLC v. Baez*, No. 19-CV-1755, 2021 WL 7908011 (RJD), at *5 (E.D.N.Y. Feb. 24, 2021).

4

"the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). However, upon a plaintiff's showing of "good cause" for the failure to timely serve, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).

"A party seeking an extension for good cause 'bears a heavy burden of proof.'" *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018) (citation omitted). In considering whether good cause exists, courts within this Circuit "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Good cause is rare and is typically only found in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (good cause found where plaintiff made diligent efforts but could not locate party to be served); *Barban v. Rheem Textile Sys., Inc.*, No. 01 Civ. 8475 (ILG), 2002 WL 31947209, at *1 (E.D.N.Y. Dec. 17, 2002) (same). "'Factors deemed outside of the plaintiff's control typically include sudden illness, natural catastrophe or evasion of service of process.'" *Fantozzi v. City of New York.*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (citation omitted).

Plaintiff asserts that good cause has been shown due to his diligent and repeated efforts to serve the Summons upon Defendant at three different addresses. (ECF No. 10.) Indeed, Plaintiff first attempted to serve Defendant at its principal place of business—the 54-05 The Long Way, East Marion, NY address on January 9, 2025 at 8:52am, January 11, 2025 at 1:04pm, and

5

January 13, 2024 at 6:03pm. (*Id.* at p. 1.) This address, according to the New York Department of State Division of Corporation website, is the "Principal Executive Office Address." (*See* ECF No. 10 at p. 4.) Plaintiff submitted an Affidavit of Due Diligence evidencing these three efforts made to serve Defendant at this address. (*Id.* at p. 5.) In this Affidavit of Due Diligence, John Nugent, Plaintiff's process server, stated he was unable "with proper due diligence to serve Zoi Foods Corp" as every time he attempted to serve Defendant at this address, there was "no answer at the door." (*Id.*) Nugent also noted that the premises appeared "vacant and show[ed] signs of being a summer seasonal property." (*Id.*) Moreover, he was "unable to confirm if business is at this location as other properties around this house [were] also vacant." (*Id.*)

After these multiple unsuccessful attempts, Plaintiff filed a request for an amended summons that included Defendant's address listed on the New York Department of State Division of Corporations website for service upon the Secretary of State. (*Id.* at pp. 1, 5.) Plaintiff's process server attempted to effectuate service on February 13, 2025, at 8:52 am, "at the 253 West 72nd Avenue Street" location, but this attempt was also unsuccessful. (*See id.* at p. 6.) In the second Affirmation of Due Diligence, the process, Eric Rivera, wrote he was unable, "with proper diligence[,] to serve Zoi Foods Corp," and noted this new address was also "a residential location where current tenant has no affiliation with [the] entity." (*Id.*) Subsequently, on March 11, 2023, Plaintiff again requested an amended summons with a third address (ECF No. 8) where service was successfully effectuated on March 20, 2025. (ECF No. 11.) Lastly, Plaintiff contends that he also contacted "Mr. Ryan McGonigle, Esq., Defendant's counsel of record on Docket 1:19-cv-09103 in the Southern District of New York," to inquire if he had contact information for Defendant. (ECF No. 10 at p. 1.) Defendant's counsel "reported back" that he "was unable to provide contact information for Defendant." (*Id.*)

Here, Plaintiff has sufficiently demonstrated good cause to excuse his untimely service. A showing of good cause is largely dependent upon whether a plaintiff exhibited due diligence when attempting to effectuate service. *See DeLuca*, 695 F. Supp. 2d at 66. Though no "exact list" of service requirements constituting due diligence has emerged, case law in the Second Circuit has shaped "due diligence" into a "rough standard," ordinarily requiring multiple service attempts upon a defendant in addition to inquiring into the defendant's residence or place of employment before effectuating service. *See Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 1:11-cv-02710 (WFK) (LB), 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) (collecting cases); *see also United States v. Veeraswamy*, No. 23-CV-9379 (RPK) (JAM), 2025 WL 444692, at *12 (E.D.N.Y. Feb. 10, 2025) (noting due diligence may be met "when the plaintiff attempts service at least three times, 'optimally on non-consecutive days'" or when process servers "inquire with neighbors, check telephone listings, and conduct public record searches to identify the defendant's location . . [.]")

Here, Plaintiff's four attempts to serve the Defendant at three different addresses over the course of several weeks satisfies the standard for due diligence. Plaintiff initially attempted service more than three times, on "non-consecutive days" and at different times, targeting both addresses listed on the New York Department of State Division of Corporations website. (ECF No. 10 at p.1); *see also Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (finding good cause was met where Plaintiff's private investigator unsuccessfully attempted to serve the Defendant at three different addresses in Florida before finally effectuating service past the service deadline.) Plaintiff's reliance on the accuracy of the addresses listed with the New York Department of State is not misplaced. *See Martinez v. Feliks & Son Storage Tank Corp.*, No. 21CV03613 (GRB) (JMW), 2022 WL 18859073, at *3

7

(E.D.N.Y. Nov. 1, 2022) (rejecting the corporate defendants' argument that plaintiffs should have known the address on file with the Secretary of State was incorrect because "several of them" visited defendant's new address which was not listed on the website.)  Indeed, the Court in *Martinez* highlighted that, under New York law, "a corporation [registered to do business in New York] is obligated to update and keep current its corporate records, particularly its place of business and agent for service of process." *Id.*; *see also Sheldon v. Plot Com.*, No. 15CV5885 (CBA) (CLP), 2016 WL 5107072, at *7-8 (E.D.N.Y. Aug. 26, 2016) ("[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process.") Plaintiff's diligent efforts did not stop with attempting to serve Defendant at multiple addresses listed on the New York State Department of State Division of Corporations website considering he contacted Defendant's Counsel of record in a separate proceeding to obtain Defendant's contact information but was not provided any information. (*See* ECF No. 10.)

In all of these instances, the failure to effectuate service "was the result of circumstances beyond [Plaintiff's] control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Plaintiff could not have predicted that both addresses listed with the New York Department of State would be residential locations – one being a seasonal vacation home and the other a residence "where the current tenant has no affiliation with [Defendant]." (*See* ECF No. 10 at p. 6.)  Moreover, as set forth in *Martinez* and *Sheldon*, it would be unreasonable to expect Plaintiff to presciently know that the addresses listed were incorrect, especially given the duty that a defendant has as a corporation "registered to do business in New York state" to keep their address up to date. (*See* ECF No. 1 at ¶ 14.)  Lastly, Defendant's Counsel's refusal or inability to provide Plaintiff with any contact information was similarly beyond Plaintiff's control rather than a byproduct of attorney

8

"inadvertence, neglect, or mistake". *See AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause.").

Furthermore, Defendant stands to suffer little to no prejudice if a brief extension was granted considering that Defendant learned of this action no more than twenty-four days after the 90-day period under Rule 4(m) expired through Plaintiff's eventually effectuated service. (*See* ECF No. 11)[5]; *see also Patrick v. Garlick*, 66 F. Supp. 3d 325, 331 (W.D.N.Y. 2014) (finding good cause was shown and that "an extension of the Rule 4(m) period by less than one month will not substantially prejudice the Department's ability to defend against the instant claims.").

Ultimately, after balancing the diligent efforts made by the Plaintiff against the minimal prejudice suffered by Defendant, the undersigned finds that good cause exits the excuse the untimely service. *See DeLuca*, 695 F. Supp. 2d at 66. Based on this finding, the undersigned need not address Plaintiff's alternate request for relief under the Court's discretionary power to grant an extension.[6] *See Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 428 (E.D.N.Y. 2012) ("Therefore, because the Court has found "good cause" for the Plaintiff's delays

---

[5] Actual notice of the lawsuit could be assumed at this juncture given that Plaintiff avers his process server served Defendant's "authorized party/managing agent" who was "authorized to accept legal papers for the corporation. (ECF No. 11); *see also* Fed. R. Civ. P. 4(e) (an individual may be served by delivering a copy of the summons and of the complaint "to an agent authorized by appointed or by law to receive service of process."); *see also Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc.*, 203 F.R.D. 95, 97 (S.D.N.Y. 2001) (citing *Blessinger,* 174 F.R.D. at 31, *Snall,* 1999 WL 1129054 at *3) (finding that an extension of the service deadline would not prejudice defendant's president, "who was on notice of the action against him.").

[6] Plaintiff alternatively argues that even if good cause has not been shown, this Court should exercise its discretion to grant an extension under the four-factor test set forth in *Vaher*, specifically because (i) the statute of limitations would not bar the refiling of the claims; (ii) Defendant "may have actual notice of the claims asserted either through its contact with its former attorney or through notifications of active litigation by the Defense bar"; and (iii) Defendant would not be prejudiced if the extension was granted. (ECF No. 10 at pp. 1-2.) Plaintiff does not address whether Defendant attempted to conceal a defect in service.

in serving the Additional Defendants, the Court need not consider whether a discretionary extension is appropriate under Fed. R. Civ. P. 4(m)."); *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D.Vt.1996) ("If good cause exists, the plaintiff receives an extension, and the inquiry is ended")).

Since Defendant was served on March 20, 2025, the Court may "in its discretion, extend a service deadline *nunc pro tunc*." *Ting Qui Qui v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2021 WL 185040, at *5  (S.D.N.Y. Jan. 29, 2021); *see Gesualdi v. Reid*, No. 14-CV-04212, 2015 WL 5476056, at *3 (E.D.N.Y. Sept. 16, 2015) (noting that extensions of time to serve may be granted *nunc pro tunc*).  In doing so, the Court may extend the time by which service shall be deemed "timely made" to the date that service was effectuated where, like here, a showing of good cause has been made and a defendant has already been served. *See Hernandez v. Lira of New York Inc.*, No. 20-CV-04457 (RA), 2023 WL 2647639, at *3 (S.D.N.Y. Mar. 27, 2023) (extending the deadline for service *nunc pro tunc*, after good cause being shown, to April 9, 2022 thereby making the service upon defendant on April 9, 2022 timely); *Chen Lin v. Dolar Shopt Restaurant Grp., LLC*, No. 16-CV-02474 (RPK) (RML), 2021 WL 681075, at *4 (E.D.N.Y. Feb. 21, 2021) ("I exercise my discretion to extend the time to serve [defendants], *nunc pro tunc*, to December 6, 2019—the date on which service was completed."). Accordingly, the Court deems service upon Defendant effectuated on March 20, 2025 timely. (*See* ECF No. 11.)

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of Time to Serve (ECF No. 10) is **GRANTED** and the Court extends the time for Plaintiff to serve Defendant *nunc pro tunc* to March 20, 2025.

Dated:   Central Islip, New York
         March 31, 2025

                                       **SO ORDERED**:

                                 /S/ *James M. Wicks*
                                      JAMES M. WICKS
                               United States Magistrate Judge